**PEREZ LAW OFFICES**
Anthony M. Perez, Jr. (SBN 113041)
455 Capitol Mall, Suite 231
Sacramento, CA 95814
Tel: (916) 441-0500
Fax: (916) 441-0555
Email: aperez@perezlawoffices.com

**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
Law Corporation
Charles L. Post, State Bar No. 160443
Brendan J. Begley, State Bar No. 202563
Melissa Whitehead, State Bar No. 262123
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Telephone:      (916) 558-6000
Facsimile:      (916) 446-1611
Email: cpostl@weintraub.com
Email: bbegley@weintraub.com
Email: mwhitehead@weintraub.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE CASHON, on behalf of herself and all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>KINDRED HEALTHCARE OPERATING, INC., a Delaware Corporation; GENTIVA CERTIFIED HEALTHCARE CORP., a Delaware Corporation; and DOES 1 through 15 inclusive,<br><br>         Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY PIECE RATE EMPLOYEES FOR REST AND MEAL BREAKS, AND NONPRODUCTIVE TIME;**<br><br>**(2) FAILURE TO PAY FOR ALL HOURS WORKED;**<br><br>**(3) FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED;**<br><br>**(4) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;** |

**(5) FAILURE TO KEEP ACCURATE PAYROLL RECORDS**

**(6) FAILURE TO PAY OVERTIME COMPENSATION**

**(7) FAILURE TO PROVIDE MEAL PERIODS**

**(8) FAILURE TO PROVIDE REST PERIODS**

**(9) WAITING TIME PENALTIES**

**(10) VIOLATIONS OF THE UNFAIR COMPETTION LAW**

**DEMAND FOR JURY TRIAL**

Plaintiff, Valerie Cashon on behalf of herself and all others similarly situated, complains and allege as follows:

## SUMMARY AND NATURE OF THE ACTION

1.     This is a class action, pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 23, on behalf of Plaintiff and other "Clinicians and Piece Rate Employees" whose employer has denied them wages owed under California law and violated other provisions of the California Labor Code.[1]  Defendants Kindred Healthcare Operating, Inc. ("Kindred"), Gentiva Certified Healthcare Corp. ("Gentiva"), and Does 1 through 15 ("Doe Defendants"), have failed to pay Clinicians and Piece Rate Employees for all hours worked, to pay minimum wage for all hours worked and nonproductive time, and to issue accurate wage statements with all legally required information pursuant to California Labor Code §226.2.  Defendants have also failed to provide the overtime pay, meal periods, and rest periods mandated by California law to Clinicians and Piece Rate Employees who attend to Defendants' clients at various locations.

2.     Plaintiff brings this action individually and on behalf of the following Class of individuals:

---

[1]   References to Code sections herein are to California state law, including the Labor Code and Business and Professions Code, but excluding the Code of Civil Procedure.

**The Class:** All Clinicians and Piece Rate Employees who at any time during the four years preceding the filing of this complaint and /or during its pendency were employed by Defendants in California.

3.      Violations of the Class's rights include failure to pay nonproductive time and for rest and meal breaks as required by Labor Code §§ 226.2.

4.      Class claims further include failure to provide accurate wage statements with all information required by Labor Code § 226 and 226.2, and to maintain accurate employee records of all hours worked in violation of Labor Code § 1174. Defendants issue wage statements or separate wage statements as required, that do not accurately reflect all hours worked or the applicable hourly rate, and do not provide the name and address of the legal entities that employ Plaintiffs and the Class.

5.      The Class claims include violations of overtime, non-productive meal period, and rest period payment requirements under Labor Code §§ 226.2, 226.7, 510, 1194(a) Cal. Code Regs., Title 8 § 11040. Defendants' express policy and practice requires Plaintiffs and class members to work over 8 hours in a workday and/or over 40 hours in a workweek without overtime compensation, and to work without statutorily-mandated meal and rest periods.

6.      Based on these violations of the Labor Code, Plaintiff brings claims on behalf of herself and the Class for illegal business practices pursuant to Business and Professions Code §§ 17200, *et seq*. and for waiting-time penalties for Defendants' failure to pay all earned wages due either upon termination or within 72 hours of an unnoticed quit pursuant to Labor Code §§ 201-203 (**Plaintiff will amend this complaint to add claims for penalties pursuant to the Private Attorney General Act, Labor Code § 2698, *et seq*. at the appropriate time**). On behalf of herself and the Class, Plaintiff also seek attorneys' fees and costs pursuant to Labor Code §§ 1194.3 and 218.5, California Code of Civil Procedure § 1021.5, and any other applicable law.

7.      AB 1513 created new section 226.2 of the California Labor Code, which applies to all employees compensated on a Piece Rate basis. The new section, which became effective January 1, 2016, codifies statutory requirements for the payment of employees on a Piece Rate basis

set forth below:

1)    Employees must be separately compensated for the time to take rest and recovery breaks. These breaks must be paid at an hourly rate no less than the greater of either the applicable minimum wage or the employee's average hourly wage for all time worked.

2)    Employees must be separately compensated for "other nonproductive time," which is defined as "time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a Piece Rate basis."

3)    Section 226.2 provides that this "other nonproductive time" must be compensated at an hourly rate no less than the applicable minimum wage but may also be determined by actual records.  Kindred Healthcare Operating, Inc. keeps actual records with an average rate based on averaging hours and total compensation for all Piece Rate employees.

4)    Employee wage statements are required to include the following information, besides that which is already required under existing Labor Code section 226(a):

a.  The total hours of compensable rest and recovery periods, the rate of compensation for those periods, and the gross wages paid for those periods during the pay period. Kindred Healthcare Operating, Inc. did not do this for Piece Rate employees.

b.  The total hours of other nonproductive time, the rate of compensation for that time, and the gross wages paid for that time during the pay period.  Kindred Healthcare Operating, Inc. did not do this for Piece Rate Employees.

8.    Labor Code Section 226.2 also provides that an employer may assert an affirmative defense to all liability for failure to compensate for rest and recovery periods and other non-productive time if it satisfies all of the following requirements by December 15, 2016:

1)    The employer makes payments to each of its current and former employees for the amount of break and other non-productive time not separately compensated as now required by the statute during the period July 1, 2012 through December 31, 2015. These payments may be calculated using either of the following methods (at the employer's election):

a.  The actual amount of wages due for the break and nonproductive time

that must be separately compensated, plus interest; or

          b. Four percent (4%) of the employee's gross earnings during that period. If the employer paid additional amounts to cover some of what is now considered other nonproductive time, those amounts (up to 1 % of gross earnings) may be deducted from the payments, for a minimum payment of 3% of gross earnings.

          2)    The employer makes a good faith effort to locate and provide these payments to each of its former employees who would qualify.

          3)    The employer provides written notice to the Department of Industrial Relations by July 1, 2016 of its intention to make these payments. This deadline was extended to July 28, 2016.

    9.    Defendant Kindred Healthcare Operating, Inc. did not avail itself to the California Labor Code § 226.2 Safe Harbor Provision. Defendant Gentiva Certified Healthcare Corp. also did not avail itself to the California Labor Code §226.2 Safe Harbor Provision.

    10.    This class action is unrelated to *Rogers v. Kindred Healthcare,* Alameda Superior Court Case Number G14729507.

## PARTIES

    11.    Plaintiff Valerie Cashon resides in Newman, California. Plaintiff Valerie Cashon graduated from California State University, San Jose, with a degree in occupational therapy in 2002. She became certified as an Occupational Therapist in December 2002. Plaintiff began working for Gentiva Certified Healthcare Corp. in February 2010 continuing until July of 2012 then separating for a few months before being rehired on September 4, 2012 as an Occupational Therapist. She has worked as an Occupational Therapist, also referred to as a "Clinician," from September 2001 to the present and is paid at a Piece-Rate. Her duties include providing occupational therapy to patients in homes, apartments, assisted living facilities and other places in which patients reside. Plaintiff has provided these professional services in counties throughout Northern California. Plaintiff's base pay is $60.07 per hour according to Defendant's records and representations to Plaintiff.

    12.    Plaintiff, on behalf of herself and those similarly situated, brings this action on

1    behalf of all Clinicians, who provide clinical services, and Piece-Rate Employees. Said "Clinicians"

2    are more precisely identified as Occupational Therapists, Occupational Therapist Assistants,

3    Physical Therapists, Physical Therapy Assistants, Registered Nurses, License Vocational Nurses,

4    Media Social Workers, Speech Therapists, and other Clinicians that are paid by Piece Rate.

5    Clinicians provide clinical services to patients/clients of Defendants.

6         13.    Plaintiff further brings this action on behalf of all Piece Rate Employees subject to

7    the provisions of Labor Code § 226.2 and other related Labor Code provisions set forth in this

8    complaint.

9         14.    Defendant Gentiva Certified Healthcare Corp. employed Plaintiff as an

10   Occupational Therapist up until the time it was acquired by Kindred Healthcare in 2015, taking

11   effect January 1, 2016. Kindred assumed all obligations, liabilities, and Labor Code violation

12   exposure when it acquired Gentiva Certified Healthcare Corp. Plaintiff, on information and belief,

13   alleges Gentiva Certified Healthcare Corp. is still conducting business as Kindred-Gentiva and is

14   being sued as if it is still a legal entity. Gentiva Certified Healthcare Corp. is a Delaware corporation,

15   headquartered in Kentucky.

16        15.    Defendant Kindred is a Delaware corporation, headquartered in Kentucky, and is a

17   nationwide healthcare services company that through various subsidiaries operates transitional care

18   hospitals, inpatient rehabilitation hospitals, nursing centers, assisted living facilities, a contract

19   rehabilitation services business, and a home health and hospice business. It does business

20   systematically and continuously in California. On or about February 1, 2015, Kindred acquired

21   Gentiva Certified Healthcare Corp. During the relevant time period, Defendant Kindred has been an

22   employer of Plaintiff and the Class within the definition of the relevant Wage Orders and under

23   California law. Kindred assumed all liabilities of Gentiva Certified Healthcare Corp. and is subject

24   to successor liability. Gentiva formerly employed a majority of Class Members before it was

25   acquired by Kindred.

26        16.    Gentiva and Kindred both are being referred to as **Kindred** throughout this

27   complaint.

28

17.     Plaintiff is ignorant of the true names and capacities of Doe Defendants and therefore sues them by fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein.  Plaintiff is further informed and believes, and alleges thereon, that at all times relevant, Doe Defendants have held executive positions with Defendants, and/or have acted on behalf of Defendants by exercising decision-making responsibility for and by establishing unlawful wage and hour practices or policies for Defendants.

## **JURISDICTION AND VENUE**

18.     Plaintiff Cashon is an individual and resident of the State of California, County of Stanislaus. The amount in controversy collectively for all members of the Plaintiffs Class exceeds the minimum jurisdictional limits of this Court.  Plaintiffs are informed and believe, and thereon allege, that between ninety (90) to one-hundred (100) percent of Class Members presently reside in the State of California. This Court has jurisdiction over this action under the Class Action Fairness Act (CAFA) 28 U.S.C. § 1332(d), 1453, and 1711–1715.. CAFA grants district courts jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). The amount in controversy exceeds $5,000,000. The class size is approximately 1200 present and former employees. Plaintiff and Defendant are citizens of different states.

19.     Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions ·giving rise to the claims occurred in this District. At all relevant times Defendants maintained offices and facilities in Alameda and San Francisco Counties, California, and committed the wrongful conduct against members of the class in this judicial district.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff's claims have been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure, Rule 23, because there is a well-defined community of interest among the Class with respect to the claims asserted herein and the proposed Class are easily ascertainable:

21. The Class Period is from four years prior to the filing of this complaint, through the date of final disposition of this Action.

22. <u>Numerosity:</u> The members of the Class are sufficiently numerous that joinder of all members is impracticable. Plaintiffs are informed and believe and on that basis allege that at any one time Defendants employ approximately 1500 Clinicians and Piece Rate Employees in California and that all current Clinicians and Piece Rate Employees are putative class members of the Class, as defined herein. In addition, the Class includes former Clinicians and Piece Rate Employees employed by Defendants during the four years prior to the filing of this action and unknown future Class members who will become employed by Defendants as Clinicians and Piece Rate Employees prior to the final disposition of this action.

23. During the Class Period, Defendants have assigned Clinicians and Piece Rate Employees to attend to clients in private homes and in facilities throughout California. Upon information and belief, Defendants have employed hundreds of Clinicians and Piece Rate Employees in California. During the Class Period, upon information and belief, Defendants have employed scores of Clinicians and Piece Rate Employees to work in facilities in California.

24. <u>Commonality:</u> There are questions of law and fact common to the Class that areanswerable on a common basis, and these questions predominate over individual questions. The questions of law and fact common to the Class include, without limitation:

(a) Whether Defendants have violated Labor Code § 226.2;

(b) Whether Defendants have a class wide policy and practice that violates minimum wage laws by failing to pay the Class for all hours worked in violation of Labor Code §§ 1194(a) and 1197;

{2116595.DOCX;}

COMPLAINT

(c)     Whether Defendants' uniform wage statements fail to provide accurate and complete information required by Labor Code §§ 226 and 226.2;

(d)     Whether Defendants' policies and practices violate Labor Code§ 1174 by failing to maintain accurate records of all hours the Class worked each day-including overtime hours, where applicable;

(e)     Whether Defendants have a policy and practice of requiring Class Clinicians and Piece Rate Employees  to work hours in excess of eight (8) hours in a day or forty (40) hours in a workweek for which Defendants do not pay overtime compensation in violation of Labor Code § 510;

(f)     Whether Defendants have a policy and practice, as alleged herein, of failing to provide Class Clinicians and Piece Rate Employees  meal periods in violation of Wage Order 4 § 11(A), Labor Code §§ 226.7 and 512;

(g)     Whether Defendants have a policy and practice, as alleged herein, of failing to permit and authorize Class Clinicians and Piece Rate Employees  to take rest periods in violation of Labor Code § 226.7;

(h)     Whether Defendants are liable for waiting time penalties to the Class, pursuant to Labor Code § 203, for failure to comply with Labor Code§§ 201-202; and/or

(i)     Whether members of the Class have lost money or property as a result of Defendants' violations of Business and Professions Code§§ 17200, *et seq*.

25.     Typicality:     Plaintiff's claims are typical of the claims of the Class. As set forth herein, Defendants' common course of conduct causes Plaintiff and similarly situated Clinicians and Piece Rate Employees the same or similar injuries and damages. Plaintiff's claims are thereby representative of and coextensive with the claims of the Class.

26.     Adequacy:     Plaintiff will fairly and adequately represent the interests of all Class members. Plaintiff is a member of the Class she seeks to represent, does not have any conflicts of interests with proposed class members, will prosecute the case vigorously on behalf of the Class, and has already devoted time and resources to the initial investigation of these claims. Plaintiff's counsel

is competent and experienced in litigating employment actions, including wage and hour class actions.

27.     Superiority of Class Action:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. In particular, Plaintiff is informed and believes that current and former Clinicians and Piece Rate Employees among the Class are unwilling to bring individual lawsuits for fear of retaliation by Defendants. Moreover, because the damages suffered by certain individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for Class members to pursue their claims separately. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and judicial system and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for all members of the Class.

**FURTHER ALLEGATIONS ON BEHALF OF THE CLASS**

28.     Upon information and belief, at all relevant times, Defendants have a policy and practice of issuing uniform wage statements to Clinicians and Piece Rate Employees that fail to provide the applicable hourly rates, the corresponding number of hours worked at each hourly rate, and the name and address of the legal entities that employed the Clinicians and Piece Rate Employees.

29.     As a result, throughout the Class Period, in violation of Labor Code §§ 226.2 and 226(a), wage statements have failed to accurately reflect the gross and net wages earned, the total hours worked, all applicable hourly rates, and the name and address of all the legal entities that are the employers.

30.     Upon information and belief, Defendants have failed to maintain accurate payroll records showing the correct hours worked daily, including all time worked by Clinicians and Piece Rate Employees . Defendants have also failed to provide those records upon request by Plaintiff.

/ / /

/ / /

{2116595.DOCX;}

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY PIECE RATE EMPLOYEES FOR REST AND**

**MEAL BREAKS AND NONPRODUCTIVE TIME**

**(Cal. Lab. Code §226.2)**

**On Behalf of Plaintiff and the Class against All Defendants**

31.     Plaintiff realleges the allegations contained in paragraphs 1 through 30.

32.     AB 1513 created new section 226.2 of the California Labor Code, which applies to all employees compensated on a piece-rate basis. The new section, which became effective January 1, 2016, codifies statutory requirements for the payment of employees on a piece-rate basis set forth below:

1)     Employees must be separately compensated for the time to take rest and recovery breaks. These breaks must be paid at an hourly rate no less than the greater of either the applicable minimum wage or the employee's average hourly wage for all time worked.

2)     Employees must be separately compensated for "other nonproductive time," which is defined as "time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a piece-rate basis."

3)     Section 226.2 provides that this "other nonproductive time" time must be compensated at an hourly rate no less than the applicable minimum wage but may also be determined by actual records.  Kindred keeps actual records and a base hourly rate based on averaging hours and total compensation.

4)     Employee wage statements are required to include the following information, besides that which is already required under existing Labor Code section 226(a):

a.  The total hours of compensable rest and recovery periods, the rate of compensation for those periods, and the gross wages paid for those periods during the pay period.

b.  The total hours of other nonproductive time, the rate of compensation for that time, and the gross wages paid for that time during the pay period.

33.     Labor Code Section 226.2 also provides that an employer may assert an affirmative

defense to all liability for failure to compensate for rest and recovery periods and other non-productive time if it satisfies all of the following requirements by December 15, 2016:

1). The employer makes payments to each of its current and former employees for the amount of break and other non-productive time not separately compensated as now required by the statute during the period July 1, 2012 through December 31, 2015. These payments may be calculated using either of the following methods (at the employer's election):

a. The actual amount of wages due for the break and nonproductive time that must be separately compensated, plus interest; or

b. Four percent (4%) of the employee's gross earnings during that period. If the employer paid additional amounts to cover some of what is now considered other nonproductive time, those amounts (up to 1 % of gross earnings) may be deducted from the payments, for a minimum payment of 3% of gross earnings.

i. The employer makes a good faith effort to locate and provide these payments to each of its former employees who would qualify.

ii. The employer provides written notice to the Department of Industrial Relations by July 1, 2016 of its intention to make these payments. This deadline was subsequently extended to July 28, 2016.

34. Defendant Kindred did not avail itself to the California Labor Code §226.2 Safe Harbor Provision and is required to pay class members for meal and rest breaks not included in their Piece Rates, and nonproductive time based on their average hourly rate, along with interest.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY FOR ALL HOURS WORKED

### (Cal. Lab. Code §§ 226.2, 510, 1194; IWC Wage Order 4)

### On Behalf of Plaintiff and the Class against All Defendants

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34.

36. Section 2(K) of Wage Order 4 defines "[h]ours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered

or permitted to work, whether or not required to do so."

37. California law requires payment of all wages due, whether established by contract or by law, for "all hours worked." Cal. Code Regs., tit. 8, §§ 11040, subd. (4); *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal. App. 4th 36, 50-51; *Armenia v. Osmose, Inc*. (2005) 135 Cal. App. 4th 314, 324.

38. At all relevant times, Defendants have failed to pay for all hours worked to Plaintiff and the Class.

39. At all relevant times, Defendants have failed to pay the agreed-upon rate for all hours worked to Plaintiff and the Class.

40. By their failure to pay Plaintiff and the Class for all the time they worked, Defendants have violated the provisions of the applicable Wage Orders and Labor Code sections that require proper compensation for all hours worked.

41. As a result of Defendants' unlawful acts, Plaintiff and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, costs, and penalties.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED

### (Cal. Lab. Code §§ 226.2, 1194, 1194.2, 1194.3, 1197, 1197.l)

### On Behalf of Plaintiff and the Class Against All Defendants

42. Plaintiff realleges the allegations contained in paragraphs 1 through 41.

43. Labor Code §§ 1197 and 226.2 and applicable Wage Orders require employers to pay at least the applicable minimum wage for all hours worked.

44. The Minimum Wage Order (MW-2014) requires all employers to pay a minimum of $8.00 an hour per hour for all hours worked beginning January 1, 2008, $9.00 per hour for all hours worked beginning July 1, 2014, and $10.00 per hour for all hours worked beginning January 1, 2016.

45. Labor Code §§ 1194 and 1194.3 entitle an employee receiving less than the legal minimum wage to recover in a civil action the unpaid balance of the full amount of this minimum

wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

46. Labor Code § 1194.2 entitles an employee receiving less than the legal minimum wage to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

47. Labor Code § 1197.1 subjects an employer or other person who caused an employee to be paid a wage less than the minimum wage to: (1) a civil penalty equal to one hundred dollars ($100) for each underpaid employee for each pay period in which the employee is underpaid for an initial violation that is intentionally committed; (2) and two hundred fifty dollars ($250) for a subsequent violation for the same specific offense for each underpaid employee for each pay period regardless of whether the initial violation is intentionally committed; (3) restitution of wages; and (4) liquidated damages, all payable to the employee.

48. At all relevant times, Defendants have failed to pay minimum wages to Plaintiff and the Class as alleged above in violation of Labor Code §§ 226.2, 1194, 1194.2, 1197, 1197.1, the Minimum Wage Orders.

49. As a result of Defendants' conduct, Plaintiff and the Class have been deprived of minimum wage in an amount to be determined at trial, and are entitled to recovery of the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.3, liquidated damages, and interest thereon pursuant to Labor Code § 1194.2, and civil penalties, restitution of wages, and liquidated damages pursuant to Labor Code § 1197.1.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Cal. Lab. Code §§ 226, 226.2 & 226.3)

### On Behalf of Plaintiff and the Class Against All Defendants

50. Plaintiff realleges the allegations contained in paragraphs 1 through 49.

51. Labor Code § 226(a) requires employers, at the time of each payment of wages, to provide each employee with an accurate wage statement itemizing, among other things, the total hours

worked by the employee, the applicable hourly rate, the gross and net wages earned by the employee in the pay period, and the name and address of the legal entity that is the employer. Labor Code § 226.2 requires employers to also provide the following information on itemized wage statements provided to employees at the time of payment of wages: the total hours of compensable rest and recovery periods, the total hours of "other nonproductive time," the rate of compensation, and the gross wages paid for compensable rest and recovery periods and "nonproductive time" during the pay period.

52.     Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in subsequent pay periods (up to a maximum of $4,000), in addition to attorneys' fees and costs.

53.     Plaintiff and the Class are informed, believe and allege thereon, that since at least four years before the filing of this action, Defendants have knowingly and intentionally failed to provide accurate itemized wage statements to Plaintiffs and the Class in accordance with Labor Code §§ 226(a) and 226.2.

54.     Plaintiff and the Class are informed, believe, and allege thereon, that the wage statements Defendants provided to Plaintiffs and the Class do not reflect all hours worked, the applicable wage rates paid, the identity of all of the legal entities that employ Plaintiffs and the Class, the total hours of compensable rest and recovery periods, the total hours of "other nonproductive time" worked, and the rate of compensation and gross wages paid for compensable rest and recovery periods and "nonproductive time" during the pay period.

55.     As a result of Defendants' acts and omissions in violation of Labor Code §§ 226 and 226.2, Defendants are liable to Plaintiff and the Class for $50 for each initial pay period when a violation occurred and $100 for each subsequent violation up to $4,000, and reasonable attorneys' fees and costs of this suit pursuant to Labor Code § 226(e).

56.     Pursuant to Labor Code § 226.3, Defendants are also liable for civil penalties per employee per violation.

## FIFTH CAUSE OF ACTION

### FAILURE TO KEEP ACCURATE PAYROLL RECORDS

#### (Cal. Labor Code §§ 226.2, 1174 & 1174.5)

#### On Behalf of Plaintiff and the Class Against All Defendants

57.     Plaintiff realleges the allegations contained in paragraphs 1 through 56.

58.     In relevant part, Labor Code § 1174(d) requires employers to keep payroll records showing the hours worked daily by and the wages paid to employees. Likewise, the relevant Wage Orders require employers to keep accurate records for each employee in regards to total wages paid each payroll period, total hours worked in the payroll period and applicable rates of pay, as well as time records showing when employees begin and end each work period, including meal periods, split shift intervals, and total daily hours. Wage Order 4 § 7 (A).

59.     Labor Code § 1174.5 subjects an employer who willfully fails to maintain the accurate and complete records of subdvision (d) of § 117 4 to a civil penalty of five hundred dollars ($500).

60.     Defendants have violated Labor Code § 1174(d) and Wage Order 4 by willfully failing to keep required payroll records showing the actual hours worked each day by Plaintiff and the Class.

61.     As a result of Defendants' failure to maintain accurate payroll records, Plaintiff and the Class have suffered actual economic harm as they have been precluded from accurately monitoring their number of hours worked and thus prevented from seeking all wages owed, including minimum wage for all hours worked and earned overtime pay.

62.     Plaintiff and the Class are entitled to recover a civil penalty of $500 for each violation under Labor Code § 1174.5 and request further relief as described below.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

#### (Cal. Lab. Code §§ 510, 1194; Wage Order 4)

#### On Behalf of Plaintiff and the Class against All Defendants

63.     Plaintiff realleges the allegations contained in paragraphs 1 through 62.

64.     Labor Code § 510 and Wage Order 4, § 3(A) require employers to pay employees one-

and-one-half (1-1/2) times the regular hour rate for all those hours worked in excess of eight (8) in one workday and in excess of forty (40) hours in one workweek and for the first eight hours worked on the seventh day of work in any one workweek. Labor Code § 510 and Wage Order 4, § 3(A) further require employers to pay employees two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day and, on the seventh consecutive workday, any work in excess of eight (8) hours.

65.     Labor Code § 1194 entitles an employee receiving less than the legal overtime compensation to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

66.     At all relevant times, Defendants have failed to pay overtime compensation to Plaintiff and the Class as alleged above in violation of Labor Code § 510 and Wage Order 4, § 3(A).

67.     As a result of Defendants' conduct, Plaintiff and the Class have been and continue to be deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, reasonable attorney's fees, and costs of suit pursuant to Labor Code § 1194.

<u>**SEVENTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE MEAL PERIODS**

**(Cal. Lab. Code§§ 226.7, 512, IWC Wage Order 4)**

**On Behalf of Plaintiff and the Class against All Defendants**

68.     Plaintiff realleges the allegations contained in paragraphs l through 67.

69.     Labor Code § 512 and Wage Order 4 require that an employee receive a meal period of one half hour in which the employee is relieved of all duty for every five (5) hours worked. Employers must provide a second meal period of no fewer than 30 minutes for all workdays on which an employee works more than 10 hours.

70.     Labor Code §§ 226.7, 512 and Wage Order 4 provide that an employee shall receive a premium of one hour pay for each day worked in which they miss a meal period.

71.     Defendants have failed to pay Plaintiff and the Class premium pay for missed meal periods.

72.     By their failure to provide meal periods, and their failure to pay premium pay, Defendants violate the provisions of the applicable Wage Orders and Labor Code sections.

73.     As a result of Defendants' unlawful acts, Plaintiff and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recover such amounts, plus interest thereon, attorneys' fees, costs, and penalties.

### EIGHT CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Cal. Lab. Code§§ 226.7 andIWC Wage Order 4)

### On Behalf of Plaintiff and the Class against All Defendants

74.     Plaintiff realleges the allegations contained in paragraphs 1 through 73.

75.     Labor Code § 226.7 and Wage Order 4 require that the employer provide rest periods in which the employee is relieved of all duty at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

76.     Labor Code §§ 226.7and Wage Order 4 provide that an employee shall receive premium pay of one hour pay for days worked in which they miss a rest period.

77.     Plaintiff and the Class were regularly denied their right to take rest periods in which they were relieved of all duty.

78.     Defendants have failed to pay Plaintiff and the Class premium pay for missed rest periods.

79.     By their failure to provide rest periods, and their failure to pay premium pay, Defendants violate the provisions of the applicable Wage Orders and Labor Code sections. As a result of Defendants' unlawful acts, Plaintiff and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, costs, and penalties.

/ / /

/ / /

/ / /

/ / /

## NINTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Cal. Lab. Code §§ 201, 202 & 203)

### On Behalf of Plaintiff and the Class Against All Defendants

80.     Plaintiff realleges the allegations contained in paragraphs 1 through 79.

81.     This count is brought on behalf of members of the Class who are no longer employed by Defendants.

82.     Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due immediately at the time of discharge, layoff, or resignation made with at least 72 hours' notice and, within 72 hours of resignation made without 72 hours' notice.

83.     Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by §§ 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

84.     Plaintiff and the Class are informed, believe, and allege thereon that since at least four years prior to the filing of this action, Defendants have failed to pay all earned wages to Plaintiff and the Class during their employment with Defendants. In addition, beginning at least four years prior to the filing of this action, members of the Class have been discharged, laid off, resigned, retired or otherwise voluntarily left employment, but Defendants did not pay earned wages upon separation of employment in violation of Labor Code §§ 201 and 202. Defendants' conduct in this regard has been willful.

85.     As a consequence of Defendants' willful failure to pay wages due to each such employee following separation from employment as required by Labor Code §§ 201 and 202, members of the Class whose employment ended during the four years prior to the date of the initial filing of this action and continuing through the date of its final disposition are entitled to recover from Defendants an additional sum as a penalty, pursuant to Labor Code § 203, equal to thirty (30) days wages per person plus interest for each employee who separated from employment with Defendants, in amounts according to proof at trial.

/ / /

**TENTH CAUSE OF ACTION**

**VIOLATIONS OF THE UNFAIR COMPETITION LAW**

**(Cal. Bus. & Prof. Code §§ 17200, et seq.)**

**On Behalf of Plaintiff and the Class against All Defendants**

86.     Plaintiff realleges the allegations contained in paragraphs 1 through 85.

87.     Beginning on a date unknown to Plaintiff, , through Defendants' acts and omissions alleged herein, Defendants have committed and continue to commit (within the four years prior to the filing of this Complaint) unlawful acts that have violated and continue to violate Business and Professions Code section 17200.

88.     Defendants' unlawful acts include violating Labor Code sections as alleged in the first through eighth causes of action, as well as Wage Order Number 4, as also alleged above.

89.     Defendants' violation of these statutes and regulations independently and separately constitute an unlawful business practice within the meaning of Business and Professions Code § 17200.

90.     As a result of the aforementioned acts, Plaintiff and the Class have lost and continue to lose money or property and suffered and continue to suffer injury in fact. Defendants continue to hold unpaid wages legally belonging to Plaintiff and the Class.

91.     Plaintiff and the Class are entitled to restitution in the amounts unlawfully withheld by Defendants, with interest, injunctive relief, as well as an award of attorneys' fees and costs. *See Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173 ("Unlawfully withheld wages may be recovered as restitution in a UCL action.").

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Valerie Cashon on behalf of herself and the above described Class of similarly situated Clinicians and Piece Rate Employees, prays for relief as follows, jointly and severally from all Defendants:

A.     Certification of this action as a class action on behalf of the proposed classes, pursuant to Federal Rule of Civil Procedure § 23;

{2116595.DOCX;}

COMPLAINT

B.      Designation of the Plaintiff as Class Representative of the Class she seeks to represent;

C.      Provision of class notice to all Clinicians and Piece Rate Employees who worked for Defendants in California during the Class Period described above;

D.      Appropriate civil penalties under Labor Code §§ 558 and 2699;

E.      An award of statutory damages pursuant to Labor Code § 226.2;

F.      An award of unpaid minimum wage and overtime, meal period and rest period compensation subject to proof at trial;

G.      An award of statutory penalties, liquidated damages, and restitution of all amounts owed to Plaintiffs and similarly situated Clinicians and Piece Rate Employees in an amount according to proof;

H.      Injunctive relief;

I.      Pre-judgment and post-judgment interest, as provided by law;

J.      Reasonable attorneys' fees and costs of suit, including but not limited to expert fees and fees pursuant to Labor Code §§ 218.5, 1194.3; California Code of Civil Procedure § 1021.5, and any other applicable law; and

K.      Such other equitable relief as the Court may deem just and proper.

Dated:  August 24, 2016                    Respectfully submitted,

                                           PEREZ LAW OFFICES


                                           By:  /s/ Anthony M. Perez, Jr.
                                               ANTHONY M. PEREZ, JR.
                                               Attorneys for Plaintiffs


                                           WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN


                                           By:  /s/ Charles L. Post
                                               CHARLES L. POST
                                               Attorneys for Plaintiffs

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff and Members of the Class hereby request a trial by jury.

3

4

Dated:  August 24, 2016                    PEREZ LAW OFFICES

5

6

By:  /s/ Anthony M. Perez, Jr.

7

ANTHONY M. PEREZ, JR.
Attorneys for Plaintiffs

8

9

WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN

10

11

By:  /s/ Charles L. Post

CHARLES L. POST

12

Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28