1   MICHAEL E. BREWER, Bar No. 177912
    mbrewer@littler.com
2   ALISON CUBRE, Bar No. 257834
    acubre@littler.com
3   LISA LIN GARCIA, Bar No. 260582
    llgarcia@littler.com
4   LITTLER MENDELSON, P.C.
    333 Bush Street, 34th Floor
5   San Francisco, CA 94104.2842
    Telephone:    415.433.1940
6   Facsimile:    415.399.8490

7   ANGELO SPINOLA, *appearance pro hac vice*
    aspinola@littler.com
8   LITTLER MENDELSON, P.C.
    3344 Peachtree Road NE, Suite 1500
9   Atlanta, GA 30326
    Telephone.    404.233.0330
10  Facsimile:    404.233.2361

11  Attorneys for Defendants
    KINDRED HEALTHCARE OPERATING, INC. and GENTIVA CERTIFIED HEALTHCARE
12  CORP.

13

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17  VALERIE CASHON, on behalf of herself and
    all others similarly situated,                    Case No.    3:16-cv-04889 RS
18
                                Plaintiff,            STIPULATED PROTECTIVE ORDER AND
19                                                    CLAWBACK AGREEMENT
         v.
20
    KINDRED HEALTHCARE OPERATING,
21  INC., a Delaware Corporation; GENTIVA
    CERTIFIED HEALTHCARE CORP., a
22  Delaware Corporation; and DOES 1 through
    15 inclusive,
23
24                              Defendants.

25

26          IT IS HEREBY STIPULATED by and between the parties, VALERIE CASHON, Plaintiff,

27  and KINDRED HEALTHCARE OPERATING, INC. and GENTIVA CERTIFIED HEALTHCARE

28  STIPULATED   PROTECTIVE   ORDER   AND      1.                3:16-cv-04889 RS
    CLAWBACK AGREEMENT

CORP., Defendants (collectively the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, and that in order to protect certain privileged and otherwise protected documents against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request or informal production, the Parties stipulate as follows:

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order and Clawback Agreement. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as

STIPULATED   PROTECTIVE   ORDER   AND      2.                    3:16-cv-04889 RS
CLAWBACK AGREEMENT

well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    In-House Counsel:  attorneys who are employees of a party or affiliate to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a

STIPULATED   PROTECTIVE   ORDER   AND       3.                    3:16-cv-04889 RS
CLAWBACK AGREEMENT

1  Producing Party.

2  3.     SCOPE

3       The protections conferred by this Stipulation and Order cover not only Protected Material (as

4  defined above), but also (1) any information copied or extracted from Protected Material; (2) all

5  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

6  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

7  However, the protections conferred by this Stipulation and Order do not cover the following

8  information: (a) any information that is in the public domain at the time of disclosure to a Receiving

9  Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

10  publication not involving a violation of this Order, including becoming part of the public record

11  through trial or otherwise; and (b) any information known to the Receiving Party prior to the

12  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

13  information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

14  Protected Material at trial shall be governed by a separate agreement or order.

15  4.     DURATION

16       Even after final disposition of this litigation, the confidentiality obligations imposed by this

17  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

18  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

19  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

20  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

21  time limits for filing any motions or applications for extension of time pursuant to applicable law.

22  5.     DESIGNATING PROTECTED MATERIAL

23       5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or

24  Non-Party that designates information or items for protection under this Order must take care to

25  limit any such designation to specific material that qualifies under the appropriate standards. The

26  Designating Party must designate for protection only those parts of material, documents, items, or

27  oral or written communications that qualify – so that other portions of the material, documents,

28  STIPULATED  PROTECTIVE  ORDER  AND     4.          3:16-cv-04889 RS
    CLAWBACK AGREEMENT

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for

STIPULATED   PROTECTIVE   ORDER   AND          5.                    3:16-cv-04889 RS
CLAWBACK AGREEMENT

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question

1   the level of protection to which it is entitled under the Producing Party's designation until the court

2   rules on the challenge.

3   7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4          7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

5   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

6   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

7   the categories of persons and under the conditions described in this Order. When the litigation has

8   been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

9   DISPOSITION).

10         Protected Material must be stored and maintained by a Receiving Party at a location and in a

11   secure manner that ensures that access is limited to the persons authorized under this Order.

12         7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by

13   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

14   information or item designated "CONFIDENTIAL" only to:

15         (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

16   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

17   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

18   attached hereto as Exhibit A;

19         (b)  the officers, directors, and employees (including In-House Counsel) of the Receiving

20   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

21   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22         (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

23   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

24   to Be Bound" (Exhibit A);

25         (d)  the court and its personnel;

26         (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

27   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

28   STIPULATED  PROTECTIVE  ORDER  AND      8.              3:16-cv-04889 RS
     CLAWBACK AGREEMENT

1   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2       (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

3   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

4   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

5   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

6   bound by the court reporter and may not be disclosed to anyone except as permitted under this

7   Stipulated Protective Order.

8       (g)  the author or recipient of a document containing the information or a custodian or

9   other person who otherwise possessed or knew the information.

10  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

11        LITIGATION

12      If a Party is served with a subpoena or a court order issued in other litigation that compels

13  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

14  must:

15      (a)  promptly notify in writing the Designating Party. Such notification shall include a

16  copy of the subpoena or court order;

17      (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

18  other litigation that some or all of the material covered by the subpoena or order is subject to this

19  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

20      (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

21  Designating Party whose Protected Material may be affected.

22      If the Designating Party timely seeks a protective order, the Party served with the subpoena

23  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

24  before a determination by the court from which the subpoena or order issued, unless the Party has

25  obtained the Designating Party's permission. The Designating Party shall bear the burden and

26  expense of seeking protection in that court of its confidential material – and nothing in these

27  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

28  STIPULATED  PROTECTIVE  ORDER  AND      9.          3:16-cv-04889 RS
    CLAWBACK AGREEMENT

1  disobey a lawful directive from another court.

2  9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

3         LITIGATION

4         (a)  The terms of this Order are applicable to information produced by a Non-Party in this

5  action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

6  connection with this litigation is protected by the remedies and relief provided by this Order.

7  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

8  protections.

9         (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

10  Party's confidential information in its possession, and the Party is subject to an agreement with the

11  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

12         (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

13  all of the information requested is subject to a confidentiality agreement with a Non-Party;

14         (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in

15  this litigation, the relevant discovery request(s), and a reasonably specific description of the

16  information requested; and

17         (3)  make the information requested available for inspection by the Non-Party.

18         (c)  If the Non-Party fails to object or seek a protective order from this court within 14

19  days of receiving the notice and accompanying information, the Receiving Party may produce the

20  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

21  seeks a protective order, the Receiving Party shall not produce any information in its possession or

22  control that is subject to the confidentiality agreement with the Non-Party before a determination by

23  the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

24  seeking protection in this court of its Protected Material.

25  10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

27  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

28  STIPULATED   PROTECTIVE   ORDER   AND        10.               3:16-cv-04889 RS
   CLAWBACK AGREEMENT

the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court as set forth in Section 14 below (CLAWBACK AGREEMENT).

12.     <u>MISCELLANEOUS</u>

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected

STIPULATED   PROTECTIVE   ORDER   AND     11.                    3:16-cv-04889 RS
CLAWBACK AGREEMENT

Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     CLAWBACK AGREEMENT

Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

STIPULATED   PROTECTIVE   ORDER   AND      12.                   3:16-cv-04889 RS
CLAWBACK AGREEMENT

(a)    The disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document.

(b)    The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)    If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

i.    the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving

STIPULATED  PROTECTIVE   ORDER  AND     13.                    3:16-cv-04889 RS
CLAWBACK AGREEMENT

1          Party. Notwithstanding, the Receiving Party is under no obligation

2          to search or review the Producing Party's documents to identify

3          potentially privileged or work product Protected Documents.

4      ii.      If the Producing Party intends to assert a claim of privilege or other

5          protection over documents identified by the Receiving Party as

6          Protected Documents, the Producing Party will, within ten (10) days

7          of receiving the Receiving Party's written notification described

8          above, inform the Receiving Party of such intention in writing and

9          shall provide the Receiving Party with a log for such Protected

10          Documents that is consistent with the requirements of the Federal

11          Rules of Civil Procedure, setting forth the basis for the claim of

12          privilege or other protection. In the event that any portion of a

13          Protected Document does not contain privileged or protected

14          information, the Producing Party shall also provide to the Receiving

15          Party a redacted copy of the document that omits the information

16          that the Producing Party believes is subject to a claim of privilege or

17          other protection.

18    (d)    If, during the course of this litigation, a party determines it has produced a

19        Protected Document:

20      i.      the Producing Party may notify the Receiving Party of such

21          inadvertent production in writing, and demand the return of such

22          documents. Such notice shall be in writing, however, it may be

23          delivered orally on the record at a deposition, promptly followed up

24          in writing. The Producing Party's written notice will identify the

25          Protected Document inadvertently produced by bates number range

26          or hash value, the privilege or protection claimed, and the basis for

27          the assertion of the privilege and shall provide the Receiving Party

28  STIPULATED PROTECTIVE ORDER AND   14.      3:16-cv-04889 RS
    CLAWBACK AGREEMENT

1    with a log for such Protected Documents that is consistent with the

2    requirements of the Federal Rules of Civil Procedure, setting forth

3    the basis for the claim of privilege or other protection.  In the event

4    that any portion of the Protected Document does not contain

5    privileged or protected information, the Producing Party shall also

6    provide to the Receiving Party a redacted copy of the Document that

7    omits the information that the Producing Party believes is subject to

8    a claim of privilege or other protection.

9    ii.    The Receiving Party must, within ten (10) days of receiving the

10    Producing Party's written notification described above, return,

11    sequester, or destroy the Protected Document and any copies, along

12    with any notes, abstracts or compilations of the content thereof.  To

13    the extent that a Protected Document has been loaded into a

14    litigation review database under the control of the Receiving Party,

15    the Receiving Party shall have all electronic copies of the Protected

16    Document extracted from the database.

17    (e)    To the extent that the information contained in a Protected Document has

18    already been used in or described in other documents generated or

19    maintained by the Receiving Party prior to the date of receipt of written

20    notice by the Producing Party as set forth in paragraphs 14(c)(ii) and

21    14(d)(i), then the Receiving Party shall sequester such documents until the

22    claim has been resolved.  If the Receiving Party disclosed the Protected

23    Document before being notified of its inadvertent production, it must take

24    reasonable steps to retrieve it.

25    (f)    The Receiving Party's return, sequestering or destruction of Protected

26    Documents as provided herein will not act as a waiver of the Requesting

27    Party's right to move for the production of the returned, sequestered or

28    STIPULATED PROTECTIVE ORDER AND     15.          3:16-cv-04889 RS
     CLAWBACK AGREEMENT

destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

    i.    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    ii.    the disclosure of the Protected Documents was not inadvertent;

    iii.    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    iv.    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

(h)    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i)    Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata,

STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT    16.    3:16-cv-04889 RS

1    for relevance, responsiveness and/or the segregation of privileged and/or

2    protected information before such information is produced to another party.

3         (j)    By operation of the Parties' agreement and Court Order, the Parties are

4    specifically afforded the protections of FRE 502 (d) and (e).

5

6    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7    Dated: January 13, 2017

8                                    /s/  Alison J. Cubre
                                     MICHAEL E. BREWER
9                                    ALISON J. CUBRE
                                     LISA LIN GARCIA
10                                   ANGELO SPINOLA
                                     LITTLER MENDELSON, P.C.
11                                   Attorneys for Defendants
                                     KINDRED HEALTHCARE OPERATING,
12                                   INC., and GENTIVA CERTIFIED
                                     HEALTHCARE CORP.
13

14   Dated: January 13, 2017

15                                   /s/  Anthony M. Perez
                                     ANTHONY M. PEREZ, JR.
16                                   PEREZ LAW OFFICES

17                                   CHARLES L. POST
                                     BRENDAN J. BEGLEY
18                                   MELISSA WHITEHEAD
                                     WEINTRAUB TOBIN CHEDIAK
19                                   COLEMAN GRODIN, Law Corporation
                                     Attorneys for Plaintiff
20

21

22   PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

24

25   DATED: __1/13/17_____    _____

26                                            United States District/Magistrate Judge

27

28   STIPULATED   PROTECTIVE   ORDER   AND     17.          3:16-cv-04889 RS
     CLAWBACK AGREEMENT

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on ____ day of _____, 2017 in the case of Valerie *Cashon v. Kindred Healthcare Operating, Inc. and Gentiva Certified Healthcare Corp.*, Case No. 3:16-cv-04889 RS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

Firmwide:144062311.4 091140.1001

STIPULATED PROTECTIVE ORDER AND   18.          3:16-cv-04889 RS
CLAWBACK AGREEMENT