**PEREZ LAW OFFICES**
Anthony M. Perez, Jr. (SBN 113041)
455 Capitol Mall, Suite 231
Sacramento, CA 95814
Tel: (916) 441-0500
Fax: (916) 441-0555
Email: aperez@perezlawoffices.com

**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
Law Corporation
Charles L. Post, State Bar No. 160443
Brendan J. Begley, State Bar No. 202563
Melissa Whitehead, State Bar No. 262123
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Telephone:     (916) 558-6000
Facsimile:     (916) 446-1611
Email: cpostl@weintraub.com
Email: bbegley@weintraub.com
Email: mwhitehead@weintraub.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE CASHON, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>       v.<br><br>KINDRED HEALTHCARE OPERATING, INC., a Delaware Corporation; GENTIVA CERTIFIED HEALTHCARE CORP., a Delaware Corporation; and DOES 1 through 15, inclusive,<br><br>            Defendants. | Case No. 3:16-cv-04889-RS<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER PERMITTING THE FILING OF PLAINTIFF'S AMENDED COMPLAINT**<br><br>**Complaint Filed: August 24, 2016** |

Plaintiff Valerie Cashon, on behalf of herself and others similarly situated ("Plaintiff") and Defendants Kindred Healthcare Operating, Inc., and Gentiva Certified Healthcare Corp. ("Defendants"), through their counsel of record, hereby stipulate as follows:

WHEREAS, Plaintiff filed her Complaint in this matter on August 24, 2016 (Dkt. #1);

WHEREAS, on or about September 19, 2016, the Parties stipulated to extend Defendants' time to file their responsive pleading (Dkt #12);

WHEREAS, Defendants filed their Answer to the Complaint on October 11, 2016 (Dkt #20).

WHEREAS, the operative Complaint specifically states that "Plaintiff will amend this complaint to add claims for penalties pursuant to the Private Attorney General Act, Labor Code § 2698, et seq. at the appropriate time;"

WHEREAS, Plaintiff contends that she served notice of her claim under the Private Attorneys General Act ("PAGA") on Defendants via mail on or about August 23, 2016 and that she filed notice of her PAGA claims with the Labor and Workforce Development Agency ("LWDA") thereafter;

WHEREAS, Plaintiff contends that the statutory waiting period for the LWDA to provide notice of intent to investigate has expired;

WHEREAS, PAGA permits Plaintiff to amend her existing complaint as a matter of right to add a cause of action arising under PAGA at any time within 60 days of the LWDA's decision and notice not to investigate the alleged violation [Cal. Lab. Code § 2699.3(a)(2)(C)];

WHEREAS, Fed. R. Civ. P. Rule 15(a)(2) permits a party to amend its pleadings more than twenty-one (21) days after the service of a responsive pleading with the opposing party's consent;

WHEREAS, the Parties have met and conferred and Defendants have no objection to the filing of the First Amended Complaint, attached hereto as **Exhibit 1**;

WHEREAS, Defendants reserve all defenses to Plaintiff's claims.

Therefore, subject to Court approval, the Parties hereby stipulate to the filing of the First Amended Complaint, attached hereto as **Exhibit 1**.

**weintraub tobin** chediak coleman grodin
law corporation

**SO STIPULATED.**

Dated:  January 13, 2017          **PEREZ LAW OFFICES**


By:____/s/ Anthony M. Perez, Jr._____
              Anthony M. Perez, Jr.


Dated:  January 13, 2017          **WEINTRAUB TOBIN CHEDIAK COLEMAN**
                                  **GRODIN**
                                  LAW CORPORATION


By:____/s/ Brendan J. Begley_____
              Brendan J. Begley
              Melissa M. Whitehead

              Attorneys for Plaintiffs


Dated:  January 13, 2017          **LITTLER MENDELSON, P.C.**


By:____/s/ Lisa Lin Garcia *(approved 1/13/17)*__
              Michael E. Brewer
              Alison J. Cubre
              Lisa Lin Garcia
              Angelo Spinola
              Attorneys for Defendants

1

## [PROPOSED] ORDER

2     The Court, having reviewed the Parties' stipulation and pursuant to Fed. R. Civ. P.

3 Rule 15, hereby orders that:

4     Plaintiff is granted leave to file the First Amended Complaint, attached as Exhibit 1 to the

5 Stipulation.  Plaintiff shall file the First Amended Complaint within 20 days of the date of this

6 Order.

7     **IT IS SO ORDERED.**

8

9 Dated:  __1/13_____, 2017

10                                   Hon. Richard Seeborg

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

weintraub **tobin** chediak coleman grodin
law corporation

EXHIBIT 1

**PEREZ LAW OFFICES**
Anthony M. Perez, Jr. (SBN 113041)
455 Capitol Mall, Suite 231
Sacramento, CA 95814
Tel: (916) 441-0500
Fax: (916) 441-0555
Email: aperez@perezlawoffices.com

**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
Law Corporation
Charles L. Post, State Bar No. 160443
Brendan J. Begley, State Bar No. 202563
Melissa Whitehead, State Bar No. 262123
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Telephone:     (916) 558-6000
Facsimile:     (916) 446-1611
Email: cpostl@weintraub.com
Email: bbegley@weintraub.com
Email: mwhitehead@weintraub.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE CASHON, on behalf of herself and all others similarly situated, | CASE NO.: |
| Plaintiffs, | **AMENDED CLASS ACTION COMPLAINT FOR:** |
| v. | **(1) FAILURE TO PAY PIECE RATE EMPLOYEES FOR REST AND MEAL BREAKS, AND NONPRODUCTIVE TIME;** |
| KINDRED HEALTHCARE OPERATING, INC., a Delaware Corporation; GENTIVA CERTIFIED HEALTHCARE CORP., a Delaware Corporation; and DOES 1 through 15 inclusive, | **(2) FAILURE TO PAY FOR ALL HOURS WORKED;** |
| Defendants. | **(3) FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED;** |
| | **(4) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;** |

{2160097.DOCX;2}                                    **AMENDED COMPLAINT**

1

**(5) FAILURE TO KEEP ACCURATE
PAYROLL RECORDS**

**(6) FAILURE TO PAY OVERTIME
COMPENSATION**

**(7) FAILURE TO PROVIDE MEAL PERIODS**

**(8) FAILURE TO PROVIDE REST PERIODS**

**(9) WAITING TIME PENALTIES**

**(10) VIOLATIONS OF THE UNFAIR
COMPETTION LAW**

**(11) VIOLATIONS OF THE PRIVATE
ATTORNEY GENERAL ACT**

**DEMAND FOR JURY TRIAL**

Plaintiff, Valerie Cashon on behalf of herself and all others similarly situated, complains and allege as follows:

## SUMMARY AND NATURE OF THE ACTION

1.      This is a class action, pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 23, on behalf of Plaintiff and other "Clinicians and Piece Rate Employees" whose employer has denied them wages owed under California law and violated other provisions of the California Labor Code.[1] Defendants Kindred Healthcare Operating, Inc. ("Kindred"), Gentiva Certified Healthcare Corp. ("Gentiva"), and Does 1 through 15 ("Doe Defendants"), have failed to pay Clinicians and Piece Rate Employees for all hours worked, to pay minimum wage for all hours worked and nonproductive time, and to issue accurate wage statements with all legally required information pursuant to California Labor Code §226.2. Defendants have also failed to provide the overtime pay, meal periods, and rest periods mandated by California law to Clinicians and Piece Rate Employees who attend to Defendants' clients at various locations.

---

[1]   References to Code sections herein are to California state law, including the Labor Code and Business and Professions Code, but excluding the Code of Civil Procedure.

{2160097.DOCX;2}

AMENDED COMPLAINT

2.      Plaintiff brings this action individually and on behalf of the following Class of individuals:

> **The Class:** All Clinicians and Piece Rate Employees who at any time during the four years preceding the filing of this complaint and /or during its pendency were employed by Defendants in California.

3.      Violations of the Class's rights include failure to pay nonproductive time and for rest and meal breaks as required by Labor Code §§ 226.2.

4.      Class claims further include failure to provide accurate wage statements with all information required by Labor Code § 226 and 226.2, and to maintain accurate employee records of all hours worked in violation of Labor Code § 1174. Defendants issue wage statements or separate wage statements as required, that do not accurately reflect all hours worked or the applicable hourly rate, and do not provide the name and address of the legal entities that employ Plaintiffs and the Class.

5.      The Class claims include violations of overtime, non-productive meal period, and rest period payment requirements under Labor Code §§ 226.2, 226.7, 510, 1194(a) Cal. Code Regs., Title 8 § 11040. Defendants' express policy and practice requires Plaintiffs and class members to work over 8 hours in a workday and/or over 40 hours in a workweek without overtime compensation, and to work without statutorily-mandated meal and rest periods.

6.      Based on these violations of the Labor Code, Plaintiff brings claims on behalf of herself and the Class for illegal business practices pursuant to Business and Professions Code §§ 17200, *et seq.* and for waiting-time penalties for Defendants' failure to pay all earned wages due either upon termination or within 72 hours of an unnoticed quit pursuant to Labor Code §§ 201-203 On behalf of herself and the Class, Plaintiff also seek attorneys' fees and costs pursuant to Labor Code §§ 1194.3 and 218.5, California Code of Civil Procedure § 1021.5, and any other applicable law, as well as penalties pursuant to the Private Attorney General Act, Labor Code § 2698, *et seq.*

7.      AB 1513 created new section 226.2 of the California Labor Code, which applies to all employees compensated on a Piece Rate basis. The new section, which became effective

1   January 1, 2016, codifies statutory requirements for the payment of employees on a Piece Rate basis
2   set forth below:

3           1)     Employees must be separately compensated for the time to take rest and
4   recovery breaks. These breaks must be paid at an hourly rate no less than the greater of either the
5   applicable minimum wage or the employee's average hourly wage for all time worked.

6           2)     Employees must be separately compensated for "other nonproductive time,"
7   which is defined as "time under the employer's control, exclusive of rest and recovery periods, that is
8   not directly related to the activity being compensated on a Piece Rate basis."

9           3)     Section 226.2 provides that this "other nonproductive time" must be
10   compensated at an hourly rate no less than the applicable minimum wage but may also be
11   determined by actual records.  Kindred Healthcare Operating, Inc. keeps actual records with an
12   average rate based on averaging hours and total compensation for all Piece Rate employees.

13           4)     Employee wage statements are required to include the following
14   information, besides that which is already required under existing Labor Code section 226(a):

15           a.  The total hours of compensable rest and recovery periods, the rate of
16   compensation for those periods, and the gross wages paid for those periods during the pay period.
17   Kindred Healthcare Operating, Inc. did not do this for Piece Rate employees.

18           b.  The total hours of other nonproductive time, the rate of compensation for
19   that time, and the gross wages paid for that time during the pay period.  Kindred Healthcare
20   Operating, Inc. did not do this for Piece Rate Employees.

21       8.     Labor Code Section 226.2 also provides that an employer may assert an affirmative
22   defense to all liability for failure to compensate for rest and recovery periods and other non-
23   productive time if it satisfies all of the following requirements by December 15, 2016:

24           1)     The employer makes payments to each of its current and former employees
25   for the amount of break and other non-productive time not separately compensated as now required
26   by the statute during the period July 1, 2012 through December 31, 2015. These payments may be
27   calculated using either of the following methods (at the employer's election):

28

{2160097.DOCX;2}

4

**AMENDED COMPLAINT**

1      a. The actual amount of wages due for the break and nonproductive time

2 that must be separately compensated, plus interest; or

3      b. Four percent (4%) of the employee's gross earnings during that period. If

4 the employer paid additional amounts to cover some of what is now considered other nonproductive

5 time, those amounts (up to 1 % of gross earnings) may be deducted from the payments, for a

6 minimum payment of 3% of gross earnings.

7     2) The employer makes a good faith effort to locate and provide these

8 payments to each of its former employees who would qualify.

9     3) The employer provides written notice to the Department of Industrial

10 Relations by July 1, 2016 of its intention to make these payments. This deadline was extended to

11 July 28, 2016.

12   9. Defendant Kindred Healthcare Operating, Inc. did not avail itself to the California

13 Labor Code § 226.2 Safe Harbor Provision.  Defendant Gentiva Certified Healthcare Corp. also did

14 not avail itself to the California Labor Code §226.2 Safe Harbor Provision.

15   10. This class action is unrelated to *Rogers v. Kindred Healthcare,* Alameda Superior

16 Court Case Number G14729507.

17        **PARTIES**

18   11. Plaintiff Valerie Cashon resides in Newman, California. Plaintiff Valerie Cashon

19 graduated from California State University, San Jose, with a degree in occupational therapy in 2002.

20 She became certified as an Occupational Therapist in December 2002.  Plaintiff began working for

21 Gentiva Certified Healthcare Corp. in February 2010 continuing until July of 2012 then separating

22 for a few months before being rehired on September 4, 2012 as an Occupational Therapist. She has

23 worked as an Occupational Therapist, also referred to as a "Clinician," from September 2001 to the

24 present and is paid at a Piece-Rate.  Her duties include providing occupational therapy to patients in

25 homes, apartments, assisted living facilities and other places in which patients reside.  Plaintiff has

26 provided these professional services in counties throughout Northern California.  Plaintiff's base pay

27 is $60.07 per hour according to Defendant's records and representations to Plaintiff.

28

{2160097.DOCX;2}

AMENDED COMPLAINT

12.     Plaintiff, on behalf of herself and those similarly situated, brings this action on behalf of all Clinicians, who provide clinical services, and Piece-Rate Employees.  Said "Clinicians" are more precisely identified as Occupational Therapists, Occupational Therapist Assistants, Physical Therapists, Physical Therapy Assistants, Registered Nurses, License Vocational Nurses, Media Social Workers, Speech Therapists, and other Clinicians that are paid by Piece Rate. Clinicians provide clinical services to patients/clients of Defendants.

13.     Plaintiff further brings this action on behalf of all Piece Rate Employees subject to the provisions of Labor Code § 226.2 and other related Labor Code provisions set forth in this complaint.

14.     Defendant Gentiva Certified Healthcare Corp. employed Plaintiff as an Occupational Therapist up until the time it was acquired by Kindred Healthcare in 2015, taking effect January 1, 2016.  Kindred assumed all obligations, liabilities, and Labor Code violation exposure when it acquired Gentiva Certified Healthcare Corp.  Plaintiff, on information and belief, alleges Gentiva Certified Healthcare Corp. is still conducting business as Kindred-Gentiva and is being sued as if it is still a legal entity. Gentiva Certified Healthcare Corp. is a Delaware corporation, headquartered in Kentucky.

15.     Defendant Kindred is a Delaware corporation, headquartered in Kentucky, and is a nationwide healthcare services company that through various subsidiaries operates transitional care hospitals, inpatient rehabilitation hospitals, nursing centers, assisted living facilities, a contract rehabilitation services business, and a home health and hospice business. It does business systematically and continuously in California. On or about February 1, 2015, Kindred acquired Gentiva Certified Healthcare Corp.  During the relevant time period, Defendant Kindred has been an employer of Plaintiff and the Class within the definition of the relevant Wage Orders and under California law. Kindred assumed all liabilities of Gentiva Certified Healthcare Corp. and is subject to successor liability.  Gentiva formerly employed a majority of Class Members before it was acquired by Kindred.

16.     Gentiva and Kindred both are being referred to as **Kindred** throughout this

1  complaint.

2      17.    Plaintiff is ignorant of the true names and capacities of Doe Defendants and

3  therefore sues them by fictitious names. Plaintiff will amend this Complaint to allege the true names

4  and capacities of the Doe Defendants when ascertained. Plaintiff is informed and believes, and

5  thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for

6  the occurrences alleged herein.  Plaintiff is further informed and believes, and alleges thereon, that at

7  all times relevant, Doe Defendants have held executive positions with Defendants, and/or have acted

8  on behalf of Defendants by exercising decision-making responsibility for and by establishing

9  unlawful wage and hour practices or policies for Defendants.

10  **JURISDICTION AND VENUE**

11      18.    Plaintiff Cashon is an individual and resident of the State of California, County of

12  Stanislaus. The amount in controversy collectively for all members of the Plaintiffs Class exceeds

13  the minimum jurisdictional limits of this Court.  Plaintiffs are informed and believe, and thereon

14  allege, that between ninety (90) to one-hundred (100) percent of Class Members presently reside in

15  the State of California. This Court has jurisdiction over this action under the Class Action Fairness

16  Act (CAFA) 28 U.S.C. § 1332(d), 1453, and 1711–1715. CAFA grants district courts jurisdiction

17  over civil class actions filed under federal or state law in which any member of a class of plaintiffs,

18  which numbers at least 100, is a citizen of a state different from any defendant and where the amount

19  in controversy for the putative class members in the aggregate exceeds the sum or value of

20  $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). The amount in controversy exceeds

21  $5,000,000. The class size is approximately 1200 present and former employees. Plaintiff and

22  Defendant are citizens of different states.

23      19.    Venue properly lies in the United States District Court for the Northern District of

24  California pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in

25  this District, and/or a substantial part of the events or omissions ·giving rise to the claims occurred in

26  this District. At all relevant times Defendants maintained offices and facilities in Alameda and San

27  Francisco Counties, California, and committed the wrongful conduct against members of the class in

28

1    this judicial district.

2                              **CLASS ACTION ALLEGATIONS**

3          20.     Plaintiff's claims have been brought and may properly be maintained as a class

4    action under Federal Rules of Civil Procedure, Rule 23, because there is a well-defined community

5    of interest among the Class with respect to the claims asserted herein and the proposed Class are

6    easily ascertainable:

7          21.     The Class Period is from four years prior to the filing of this complaint, through the

8    date of final disposition of this Action.

9          22.     Numerosity:   The members of the Class are sufficiently numerous that joinder of

10   all members is impracticable. Plaintiffs are informed and believe and on that basis allege that at any

11   one time Defendants employ approximately 1500 Clinicians and Piece Rate Employees in California

12   and that all current Clinicians and Piece Rate Employees are putative class members of the Class, as

13   defined herein. In addition, the Class includes former Clinicians and Piece Rate Employees

14   employed by Defendants during the four years prior to the filing of this action and unknown future

15   Class members who will become employed by Defendants as Clinicians and Piece Rate Employees

16   prior to the final disposition of this action.

17         23.     During the Class Period, Defendants have assigned Clinicians and Piece Rate

18   Employees to attend to clients in private homes and in facilities throughout California. Upon

19   information and belief, Defendants have employed hundreds of Clinicians and Piece Rate

20   Employees in California. During the Class Period, upon information and belief, Defendants have

21   employed scores of Clinicians and Piece Rate Employees to work in facilities in California.

22         24.     Commonality: There are questions of law and fact common to the Class that

23   areanswerable on a common basis, and these questions predominate over individual questions. The

24   questions of law and fact common to the Class include, without limitation:

25         (a)     Whether Defendants have violated Labor Code § 226.2;

26         (b)     Whether Defendants have a class wide policy and practice that violates minimum

27                 wage laws by failing to pay the Class for all hours worked in violation of Labor Code

28

§§ 1194(a) and 1197;

(c)     Whether Defendants' uniform wage statements fail to provide accurate and complete information required by Labor Code §§ 226 and 226.2;

(d)     Whether Defendants' policies and practices violate Labor Code§ 1174 by failing to maintain accurate records of all hours the Class worked each day-including overtime hours, where applicable;

(e)     Whether Defendants have a policy and practice of requiring Class Clinicians and Piece Rate Employees  to work hours in excess of eight (8) hours in a day or forty (40) hours in a workweek for which Defendants do not pay overtime compensation in violation of Labor Code § 510;

(f)     Whether Defendants have a policy and practice, as alleged herein, of failing to provide Class Clinicians and Piece Rate Employees  meal periods in violation of Wage Order 4 § 11(A), Labor Code §§ 226.7 and 512;

(g)     Whether Defendants have a policy and practice, as alleged herein, of failing to permit and authorize Class Clinicians and Piece Rate Employees  to take rest periods in violation of Labor Code § 226.7;

(h)     Whether Defendants are liable for waiting time penalties to the Class, pursuant to Labor Code § 203, for failure to comply with Labor Code§§ 201-202; and/or

(i)     Whether members of the Class have lost money or property as a result of Defendants' violations of Business and Professions Code§§ 17200, *et seq*.

25.     <u>Typicality:</u>     Plaintiff's claims are typical of the claims of the Class. As set forth herein, Defendants' common course of conduct causes Plaintiff and similarly situated Clinicians and Piece Rate Employees the same or similar injuries and damages. Plaintiff's claims are thereby representative of and coextensive with the claims of the Class.

26.     <u>Adequacy:</u>     Plaintiff will fairly and adequately represent the interests of all Class members. Plaintiff is a member of the Class she seeks to represent, does not have any conflicts of interests with proposed class members, will prosecute the case vigorously on behalf of the Class, and

1    has already devoted time and resources to the initial investigation of these claims. Plaintiff's counsel

2    is competent and experienced in litigating employment actions, including wage and hour class

3    actions.

4          27.    Superiority of Class Action:  A class action is superior to other available methods for

5    the fair and efficient adjudication of this controversy. In particular, Plaintiff is informed and believes

6    that current and former Clinicians and Piece Rate Employees among the Class are unwilling to bring

7    individual lawsuits for fear of retaliation by Defendants. Moreover, because the damages suffered by

8    certain individual members of the Class may be relatively small, the expense and burden of

9    individual litigation make it impracticable for Class members to pursue their claims separately. Class

10   action treatment will allow those similarly situated persons to litigate their claims in the manner that

11   is most efficient and economical for the parties and judicial system and will avoid inconsistent

12   outcomes because the same issues can be adjudicated in the same manner for all members of the

13   Class.

14   **FURTHER ALLEGATIONS ON BEHALF OF THE CLASS**

15         28.    Upon information and belief, at all relevant times, Defendants have a policy and

16   practice of issuing uniform wage statements to Clinicians and Piece Rate Employees that fail to

17   provide the applicable hourly rates, the corresponding number of hours worked at each hourly rate,

18   and the name and address of the legal entities that employed the Clinicians and Piece Rate

19   Employees.

20         29.    As a result, throughout the Class Period, in violation of Labor Code §§ 226.2 and

21   226(a), wage statements have failed to accurately reflect the gross and net wages earned, the total

22   hours worked, all applicable hourly rates, and the name and address of all the legal entities that are

23   the employers.

24         30.    Upon information and belief, Defendants have failed to maintain accurate payroll

25   records showing the correct hours worked daily, including all time worked by Clinicians and Piece

26   Rate Employees . Defendants have also failed to provide those records upon request by Plaintiff.

27   / / /

28

{2160097.DOCX;2}

AMENDED COMPLAINT

10

///

## FIRST CAUSE OF ACTION

### FAILURE TO PAY PIECE RATE EMPLOYEES FOR REST AND
### MEAL BREAKS AND NONPRODUCTIVE TIME

### (Cal. Lab. Code §226.2)

**On Behalf of Plaintiff and the Class against All Defendants**

31.    Plaintiff realleges the allegations contained in paragraphs 1 through 30.

32.    AB 1513 created new section 226.2 of the California Labor Code, which applies to all employees compensated on a piece-rate basis. The new section, which became effective January 1, 2016, codifies statutory requirements for the payment of employees on a piece-rate basis set forth below:

1)    Employees must be separately compensated for the time to take rest and recovery breaks. These breaks must be paid at an hourly rate no less than the greater of either the applicable minimum wage or the employee's average hourly wage for all time worked.

2)    Employees must be separately compensated for "other nonproductive time," which is defined as "time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a piece-rate basis."

3)    Section 226.2 provides that this "other nonproductive time" time must be compensated at an hourly rate no less than the applicable minimum wage but may also be determined by actual records.   Kindred keeps actual records and a base hourly rate based on averaging hours and total compensation.

4)    Employee wage statements are required to include the following information, besides that which is already required under existing Labor Code section 226(a):

a.   The total hours of compensable rest and recovery periods, the rate of compensation for those periods, and the gross wages paid for those periods during the pay period.

b.   The total hours of other nonproductive time, the rate of compensation for that time, and the gross wages paid for that time during the pay period.

33.     Labor Code Section 226.2 also provides that an employer may assert an affirmative defense to all liability for failure to compensate for rest and recovery periods and other non-productive time if it satisfies all of the following requirements by December 15, 2016:

1).     The employer makes payments to each of its current and former employees for the amount of break and other non-productive time not separately compensated as now required by the statute during the period July 1, 2012 through December 31, 2015. These payments may be calculated using either of the following methods (at the employer's election):

a.  The actual amount of wages due for the break and nonproductive time that must be separately compensated, plus interest; or

b.  Four percent (4%) of the employee's gross earnings during that period. If the employer paid additional amounts to cover some of what is now considered other nonproductive time, those amounts (up to 1 % of gross earnings) may be deducted from the payments, for a minimum payment of 3% of gross earnings.

i. The employer makes a good faith effort to locate and provide these payments to each of its former employees who would qualify.

ii. The employer provides written notice to the Department of Industrial Relations by July 1, 2016 of its intention to make these payments. This deadline was subsequently extended to July 28, 2016.

34.     Defendant Kindred did not avail itself to the California Labor Code §226.2 Safe Harbor Provision and is required to pay class members for meal and rest breaks not included in their Piece Rates, and nonproductive time based on their average hourly rate, along with interest.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY FOR ALL HOURS WORKED**

**(Cal. Lab. Code §§ 226.2, 510, 1194; IWC Wage Order 4)**

**On Behalf of Plaintiff and the Class against All Defendants**

35.     Plaintiff realleges the allegations contained in paragraphs 1 through 34.

36.     Section 2(K) of Wage Order 4 defines "[h]ours worked" as "the time during which an

1 employee is subject to the control of an employer, and includes all the time the employee is suffered
2 or permitted to work, whether or not required to do so."

3    37.    California law requires payment of all wages due, whether established by contract or
4 by law, for "all hours worked." Cal. Code Regs., tit. 8, §§ 11040, subd. (4); *Gonzalez v. Downtown*
5 *LA Motors, LP* (2013) 215 Cal. App. 4th 36, 50-51; *Armenia v. Osmose, Inc.* (2005) 135 Cal. App.
6 4th 314, 324.

7    38.    At all relevant times, Defendants have failed to pay for all hours worked to Plaintiff
8 and the Class.

9    39.    At all relevant times, Defendants have failed to pay the agreed-upon rate for all hours
10 worked to Plaintiff and the Class.

11    40.    By their failure to pay Plaintiff and the Class for all the time they worked, Defendants
12 have violated the provisions of the applicable Wage Orders and Labor Code sections that require
13 proper compensation for all hours worked.

14    41.    As a result of Defendants' unlawful acts, Plaintiff and the Class have been deprived
15 of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus
16 interest thereon, attorneys' fees, costs, and penalties.

17                **THIRD CAUSE OF ACTION**
18        **FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED**
19            **(Cal. Lab. Code §§ 226.2, 1194, 1194.2, 1194.3, 1197, 1197.l)**
20            **On Behalf of Plaintiff and the Class Against All Defendants**
21    42.    Plaintiff realleges the allegations contained in paragraphs 1 through 41.

22    43.    Labor Code §§ 1197 and 226.2 and applicable Wage Orders require employers to pay
23 at least the applicable minimum wage for all hours worked.

24    44.    The Minimum Wage Order (MW-2014) requires all employers to pay a minimum of
25 $8.00 an hour per hour for all hours worked beginning January 1, 2008, $9.00 per hour for all hours
26 worked beginning July 1, 2014, and $10.00 per hour for all hours worked beginning January 1, 2016.

27    45.    Labor Code §§ 1194 and 1194.3 entitle an employee receiving less than the legal

28

{2160097.DOCX;2}                    AMENDED COMPLAINT
                    13

minimum wage to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

46.     Labor Code § 1194.2 entitles an employee receiving less than the legal minimum wage to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

47.     Labor Code§ 1197.1 subjects an employer or other person who caused an employee to be paid a wage less than the minimum wage to: (1) a civil penalty equal to one hundred dollars ($100) for each underpaid employee for each pay period in which the employee is underpaid for an initial violation that is intentionally committed; (2) and two hundred fifty dollars ($250) for a subsequent violation for the same specific offense for each underpaid employee for each pay period regardless of whether the initial violation is intentionally committed; (3) restitution of wages; and (4) liquidated damages, all payable to the employee.

48.     At all relevant times, Defendants have failed to pay minimum wages to Plaintiff and the Class as alleged above in violation of Labor Code §§ 226.2, 1194, 1194.2, 1197, 1197.1, the Minimum Wage Orders.

49.     As a result of Defendants' conduct, Plaintiff and the Class have been deprived of minimum wage in an amount to be determined at trial, and are entitled to recovery of the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.3, liquidated damages, and interest thereon pursuant to Labor Code § 1194.2, and civil penalties, restitution of wages, and liquidated damages pursuant to Labor Code § 1197.1.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Cal. Lab. Code §§ 226, 226.2 & 226.3)

### On Behalf of Plaintiff and the Class Against All Defendants

50.     Plaintiff realleges the allegations contained in paragraphs 1 through 49.

51.     Labor Code § 226(a) requires employers, at the time of each payment of wages, to

provide each employee with an accurate wage statement itemizing, among other things, the total hours worked by the employee, the applicable hourly rate, the gross and net wages earned by the employee in the pay period, and the name and address of the legal entity that is the employer. Labor Code § 226.2 requires employers to also provide the following information on itemized wage statements provided to employees at the time of payment of wages: the total hours of compensable rest and recovery periods, the total hours of "other nonproductive time," the rate of compensation, and the gross wages paid for compensable rest and recovery periods and "nonproductive time" during the pay period.

52.   Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in subsequent pay periods (up to a maximum of $4,000), in addition to attorneys' fees and costs.

53.   Plaintiff and the Class are informed, believe and allege thereon, that since at least four years before the filing of this action, Defendants have knowingly and intentionally failed to provide accurate itemized wage statements to Plaintiffs and the Class in accordance with Labor Code §§ 226(a) and 226.2.

54.   Plaintiff and the Class are informed, believe, and allege thereon, that the wage statements Defendants provided to Plaintiffs and the Class do not reflect all hours worked, the applicable wage rates paid, the identity of all of the legal entities that employ Plaintiffs and the Class, the total hours of compensable rest and recovery periods, the total hours of "other nonproductive time" worked, and the rate of compensation and gross wages paid for compensable rest and recovery periods and "nonproductive time" during the pay period.

55.   As a result of Defendants' acts and omissions in violation of Labor Code §§ 226 and 226.2, Defendants are liable to Plaintiff and the Class for $50 for each initial pay period when a violation occurred and $100 for each subsequent violation up to $4,000, and reasonable attorneys' fees and costs of this suit pursuant to Labor Code § 226(e).

56.   Pursuant to Labor Code § 226.3, Defendants are also liable for civil penalties per

1    employee per violation.

2                        **FIFTH CAUSE OF ACTION**

3              **FAILURE TO KEEP ACCURATE PAYROLL RECORDS**

4                    **(Cal. Labor Code §§ 226.2, 1174 & 1174.5)**

5              **On Behalf of Plaintiff and the Class Against All Defendants**

6        57.    Plaintiff realleges the allegations contained in paragraphs 1 through 56.

7        58.    In relevant part, Labor Code § 1174(d) requires employers to keep payroll records

8    showing the hours worked daily by and the wages paid to employees. Likewise, the relevant Wage

9    Orders require employers to keep accurate records for each employee in regards to total wages paid each

10   payroll period, total hours worked in the payroll period and applicable rates of pay, as well as time

11   records showing when employees begin and end each work period, including meal periods, split shift

12   intervals, and total daily hours. Wage Order 4 § 7 (A).

13       59.    Labor Code § 1174.5 subjects an employer who willfully fails to maintain the accurate

14   and complete records of subdvision (d) of § 117 4 to a civil penalty of five hundred dollars ($500).

15       60.    Defendants have violated Labor Code § 1174(d) and Wage Order 4 by willfully failing to

16   keep required payroll records showing the actual hours worked each day by Plaintiff and the Class.

17       61.    As a result of Defendants' failure to maintain accurate payroll records, Plaintiff and the

18   Class have suffered actual economic harm as they have been precluded from accurately monitoring their

19   number of hours worked and thus prevented from seeking all wages owed, including minimum wage for

20   all hours worked and earned overtime pay.

21       62.    Plaintiff and the Class are entitled to recover a civil penalty of $500 for each violation

22   under Labor Code § 1174.5 and request further relief as described below.

23                        **SIXTH CAUSE OF ACTION**

24              **FAILURE TO PAY OVERTIME COMPENSATION**

25                    **(Cal. Lab. Code §§ 510, 1194; Wage Order 4)**

26              **On Behalf of Plaintiff and the Class against All Defendants**

27       63.    Plaintiff realleges the allegations contained in paragraphs 1 through 62.

28

{2160097.DOCX;2}

AMENDED COMPLAINT

64.     Labor Code § 510 and Wage Order 4, § 3(A) require employers to pay employees one-and-one-half (1-1/2) times the regular hour rate for all those hours worked in excess of eight (8) in any workday and in excess of forty (40) hours in one workweek and for the first eight hours worked on the seventh day of work in any one workweek. Labor Code § 510 and Wage Order 4, § 3(A) further require employers to pay employees two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day and, on the seventh consecutive workday, any work in excess of eight (8) hours.

65.     Labor Code § 1194 entitles an employee receiving less than the legal overtime compensation to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

66.     At all relevant times, Defendants have failed to pay overtime compensation to Plaintiff and the Class as alleged above in violation of Labor Code § 510 and Wage Order 4, § 3(A).

67.     As a result of Defendants' conduct, Plaintiff and the Class have been and continue to be deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, reasonable attorney's fees, and costs of suit pursuant to Labor Code § 1194.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

#### (Cal. Lab. Code§§ 226.7, 512, IWC Wage Order 4)

#### On Behalf of Plaintiff and the Class against All Defendants

68.     Plaintiff realleges the allegations contained in paragraphs 1 through 67.

69.     Labor Code § 512 and Wage Order 4 require that an employee receive a meal period of one half hour in which the employee is relieved of all duty for every five (5) hours worked. Employers must provide a second meal period of no fewer than 30 minutes for all workdays on which an employee works more than 10 hours.

70.     Labor Code §§ 226.7, 512 and Wage Order 4 provide that an employee shall receive a premium of one hour pay for each day worked in which they miss a meal period.

71.     Defendants have failed to pay Plaintiff and the Class premium pay for missed meal

1    periods.

2        72.    By their failure to provide meal periods, and their failure to pay premium pay,

3    Defendants violate the provisions of the applicable Wage Orders and Labor Code sections.

4        73.    As a result of Defendants' unlawful acts, Plaintiff and the Class have been deprived of

5    wages in amounts to be determined at trial, and are entitled to recover such amounts, plus interest

6    thereon, attorneys' fees, costs, and penalties.

7                              **EIGHT CAUSE OF ACTION**

8                         **FAILURE TO PROVIDE REST PERIODS**

9                       **(Cal. Lab. Code§§ 226.7 and IWC Wage Order 4)**

10              **On Behalf of Plaintiff and the Class against All Defendants**

11       74.    Plaintiff realleges the allegations contained in paragraphs 1 through 73.

12       75.    Labor Code § 226.7 and Wage Order 4 require that the employer provide rest periods in

13   which the employee is relieved of all duty at the rate of ten (10) minutes net rest time per four (4) hours

14   or major fraction thereof.

15       76.    Labor Code §§ 226.7and Wage Order 4 provide that an employee shall receive premium

16   pay of one hour pay for days worked in which they miss a rest period.

17       77.    Plaintiff and the Class were regularly denied their right to take rest periods in which they

18   were relieved of all duty.

19       78.    Defendants have failed to pay Plaintiff and the Class premium pay for missed rest

20   periods.

21       79.    By their failure to provide rest periods, and their failure to pay premium pay, Defendants

22   violate the provisions of the applicable Wage Orders and Labor Code sections. As a result of Defendants'

23   unlawful acts, Plaintiff and the Class have been deprived of wages in amounts to be determined at trial,

24   and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, costs, and penalties.

25   / / /

26   / / /

27   / / /

28

{2160097.DOCX;2}

18

AMENDED COMPLAINT

### NINTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Cal. Lab. Code §§ 201, 202 & 203)

### On Behalf of Plaintiff and the Class Against All Defendants

80.     Plaintiff realleges the allegations contained in paragraphs 1 through 79.

81.     This count is brought on behalf of members of the Class who are no longer employed by Defendants.

82.     Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due immediately at the time of discharge, layoff, or resignation made with at least 72 hours' notice and, within 72 hours of resignation made without 72 hours' notice.

83.     Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by §§ 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

84.     Plaintiff and the Class are informed, believe, and allege thereon that since at least four years prior to the filing of this action, Defendants have failed to pay all earned wages to Plaintiff and the Class during their employment with Defendants. In addition, beginning at least four years prior to the filing of this action, members of the Class have been discharged, laid off, resigned, retired or otherwise voluntarily left employment, but Defendants did not pay earned wages upon separation of employment in violation of Labor Code §§ 201 and 202. Defendants' conduct in this regard has been willful.

85.     As a consequence of Defendants' willful failure to pay wages due to each such employee following separation from employment as required by Labor Code §§ 201 and 202, members of the Class whose employment ended during the four years prior to the date of the initial filing of this action and continuing through the date of its final disposition are entitled to recover from Defendants an additional sum as a penalty, pursuant to Labor Code § 203, equal to thirty (30) days wages per person plus interest for each employee who separated from employment with Defendants, in amounts according to proof at trial.

///

**TENTH CAUSE OF ACTION**

**VIOLATIONS OF THE UNFAIR COMPETITION LAW**

**(Cal. Bus. & Prof. Code §§ 17200, et seq.)**

**On Behalf of Plaintiff and the Class against All Defendants**

86.    Plaintiff realleges the allegations contained in paragraphs 1 through 85.

87.    Beginning on a date unknown to Plaintiff, , through Defendants' acts and omissions alleged herein, Defendants have committed and continue to commit (within the four years prior to the filing of this Complaint) unlawful acts that have violated and continue to violate Business and Professions Code section 17200.

88.    Defendants' unlawful acts include violating Labor Code sections as alleged in the first through eighth causes of action, as well as Wage Order Number 4, as also alleged above.

89.    Defendants' violation of these statutes and regulations independently and separately constitute an unlawful business practice within the meaning of Business and Professions Code § 17200.

90.    As a result of the aforementioned acts, Plaintiff and the Class have lost and continue to lose money or property and suffered and continue to suffer injury in fact. Defendants continue to hold unpaid wages legally belonging to Plaintiff and the Class.

91.    Plaintiff and the Class are entitled to restitution in the amounts unlawfully withheld by Defendants, with interest, injunctive relief, as well as an award of attorneys' fees and costs. *See Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173 ("Unlawfully withheld wages may be recovered as restitution in a UCL action.").

**ELEVENTH CAUSE OF ACTION**

**VIOLATIONS OF THE PRIVATE ATTORNEY GENERAL ACT OF 2004 ("PAGA")**

**(Cal. Labor Code §§ 2698, et seq.)**

**On Behalf of Plaintiff and the Class against All Defendants**

92.    Plaintiff realleges the allegations contained in paragraphs 1 through 91.

93.    PAGA is a mechanism by which the State of California itself can enforce state labor

laws through the employee suing under PAGA as a proxy or agent of California's labor law enforcement agencies. The purpose of PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature specified that it was "… in the public interest to allow aggrieved employees, as private attorneys general to recover civil penalties for Labor Code violations…" Stats. 2003, ch. 906, § 1. Accordingly, PAGA cannot be subject to arbitration.

94.   On August 23, 2016, Plaintiff gave written notice by United States Priority Mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, as required by California Labor Code § 2699.3. On September 20, 2016, Plaintiff gave written notice to the California Labor and Workforce Development Agency ("LWDA") with an online filing, as required by California Labor Code § 2699.3. The statutory waiting period for the LWDA to provide notice of intent to investigate has expired. As a result, pursuant to California Labor Code § 2699.3, Plaintiff may now commence a representative civil action under PAGA as the proxy of the State of California with respect to all "Aggrieved Employees" as defined in California Labor Code § 2699(c).

95.   The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendants' (a) failure to properly record and pay Plaintiff and the other Aggrieved Employees for all of the hours they worked, including overtime, rest periods and nonproductive time; (b) failure to provide accurate and complete itemized wage statements; (c) failure to keep accurate payroll records; and (d) failure to provide meal and rest periods, violates the applicable California Labor Code sections listed in Labor Code § 2699.5, including but not limited to Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1174, 1194, and 1197.1, and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct. Plaintiff hereby seeks recovery of civil penalties as prescribed by the California Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on Plaintiff and the other Aggrieved Employees.

///

///

1

### PRAYER FOR RELIEF

2      WHEREFORE, Plaintiff Valerie Cashon on behalf of herself and the above described Class

3    of similarly situated Clinicians and Piece Rate Employees, prays for relief as follows, jointly and

4    severally from all Defendants:

5      A.      Certification of this action as a class action on behalf of the proposed classes,

6    pursuant to Federal Rule of Civil Procedure § 23;

7      B.      Designation of the Plaintiff as Class Representative of the Class she seeks to

8    represent;

9      C.      Provision of class notice to all Clinicians and Piece Rate Employees who worked for

10   Defendants in California during the Class Period described above;

11     D.      Appropriate civil penalties under Labor Code §§ 558 and 2699;

12     E.      An award of statutory damages pursuant to Labor Code § 226.2;

13     F.      An award of unpaid minimum wage and overtime, meal period and rest period

14   compensation subject to proof at trial;

15     G.      An award of statutory penalties, liquidated damages, and restitution of all amounts

16   owed to Plaintiffs and similarly situated Clinicians and Piece Rate Employees in an amount

17   according to proof;

18     H.      Injunctive relief;

19     I.       Pre-judgment and post-judgment interest, as provided by law;

20     J.      Reasonable attorneys' fees and costs of suit, including but not limited to expert fees

21   and fees pursuant to Labor Code §§ 218.5, 1194.3; California Code of Civil Procedure § 1021.5, and

22   any other applicable law;

23     K.      PAGA penalties for the State of California and LWDA; and

24     L.      Such other equitable relief as the Court may deem just and proper.

25

26

27

28

{2160097.DOCX;2}                                           AMENDED COMPLAINT

1    Dated:  January __, 2017              Respectfully submitted,

2                                          PEREZ LAW OFFICES

3

4                                          By:_____

5                                             ANTHONY M. PEREZ, JR.
                                              Attorneys for Plaintiffs
6

7    Dated:  January __, 2017              WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN

8

9                                          By:_____

10                                            CHARLES L. POST
                                              Attorneys for Plaintiffs
11

12                          **DEMAND FOR JURY TRIAL**

13       Plaintiff and Members of the Class hereby request a trial by jury.

14

15   Dated:  January __, 2017              PEREZ LAW OFFICES

16

17                                         By:_____

18                                            ANTHONY M. PEREZ, JR.
                                              Attorneys for Plaintiffs
19

20   Dated:  January __, 2017              WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN

21

22                                         By:_____

23                                            CHARLES L. POST
                                              Attorneys for Plaintiffs

24

25

26

27

28

{2160097.DOCX;2}
                                    23          AMENDED COMPLAINT